ADAMS, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IVORY OREY CROW, | ) | CASE NO.  5:10CV1631 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| UNITED STATES OF AMERICA, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Ivory Orey Crow, incarcerated in an Arizona state prison, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  On December 2, 2009, he pled guilty in the United States District Court for the Northern District of Ohio to conspiracy to distribute and to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846; and was sentenced to a term of imprisonment of 57 months to run concurrent with a state sentence. *United States v. Crow*, Case No. 5:09CR0414-1.[1]  Petitioner alleges that his attorney coerced him into pleading guilty and his performance was ineffective.  He requests release from custody or that he be allowed to withdraw his plea.

This matter is before the Court for screening.  28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520, 2002 WL 31388736, at *1 (6th Cir. Oct. 22, 2002).  At this stage, allegations in the petition are taken as true and liberally construed in petitioner's favor. *Urbina v. Thoms*,

---

[1] The appeal from the Court's judgment and commitment order is currently pending before the United States Court of Appeals for the Sixth Circuit.  *See United States v. Crow*, Case No. 10-3299.

270 F.3d 292, 295 (6th Cir. 2001). Since the petitioner is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). For the reason set forth below, the petition lacks merit.

In 1948, Congress amended 28 U.S.C. § 2255 to allow the court that imposed sentence, rather than the court that happened to have jurisdiction over the prisoner's custodian, to hear a collateral attack on that sentence. Although § 2255 was again amended in 1996 by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (1996), it retained the crucial amendment passed in 1948 by the Judicial Conference, and thus currently provides in the fifth paragraph that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. §2255(e).

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Cabrera v. United States*, 972 F.2d 23, 25-26 (2d Cir. 1992); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under

28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Bradshaw*, 86 F.3d at 166.

Still, § 2255(e) provides a safety valve wherein a federal prisoner may bring a § 2241 claim challenging his conviction or imposition of sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *Accord United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. *See e.g.*, *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam). The § 2255 remedy is not considered inadequate or ineffective, however, simply because § 2255 relief has already been denied, *see In re Dorsainvil*, 119 F.3d 245, 251 (3rd Cir. 1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied*, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), *cert. denied*, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. *See In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998).

Petitioner is challenging his conviction and the fact that a sentence was imposed upon him in the Northern District of Ohio, not the execution of or manner in which he is serving his sentence, which usually entails the computation of sentence credits or parole eligibility. *See*

3

*Armstrong v. Stine*, No. 08-306-ART, 2009 WL 129783, at * 1 (E.D. Ky. Jan. 20, 2009) (citing *Jalili,* 925 F.2d at 893-94). He is arguing that he was forced to plead guilty and his counsel was ineffective. None of his grounds for relief pertain to the execution of his sentence. Absent very limited circumstances which are not at issue here, a federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Moon v. Dewalt,* No. 08-CV-140-JBC, 2008 WL 2246360, at * 2 (E.D. Ky. May 28, 2008) (citing *Capaldi,*135 F.3d at 1123). There is no indication that a § 2255 motion would have been inadequate or ineffective, had it been asserted, to test the legality of his detention in order to bring a § 2241 action. This § 2241 petition cannot be a substitute for a proper motion under § 2255.

Accordingly, petitioner's Application to Proceed *In Forma Pauperis* (Doc. 3) is GRANTED. The petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| October 28, 2010 | */s/ John R. Adams* |
|---|---|
| Date | John R. Adams |
| | U.S. District Judge |